DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
ALBERT W. CALLWOOD, MARIA DE LOS A.  )
CALLWOOD,                            )
                                     )
              Plaintiff,             )
                                     )    Civil No. 2014-09
v.                                   )
                                     )
ISLAND ROADS CORPORATION; GOVERNMENT )
OF THE VIRGIN ISLANDS; GUSTAV JAMES, )
PUBLIC WORKS COMMISSIONER; KENNETH   )
MAPP¹, GOVERNOR,                     )
                                     )
              Defendants.            )
                                     )
                                     )
```

ATTORNEYS:

**Albert W. Callwood**
**Maria De Los A. Callwood**
St. Thomas, USVI
   *Pro se plaintiffs,*


## MEMORANDUM OPINION

GÓMEZ, J.

The plaintiffs, Albert Callwood and Maria Callwood ("the Callwoods") initiated this action on January 27, 2014. The Complaint is unclear as to the precise nature of the Callwoods' claim. The Complaint appears to allege that the Callwoods have suffered from a governmental construction project on their property that has effected a taking of their property.

---

[1] Kenneth Mapp became Governor of the Virgin Islands in January, 2015. Gustav James is the current Commissioner of Public Works. Pursuant to Federal Rule of Civil Procedure 25, the caption has been changed to reflect the change in governors and commissioners.

*Callwood v. Island Roads Corp.*
Civil No. 2014-09
Order
Page 2

In a February 10, 2017, order, the Court explained that it had previously held:

> The Virgin Islands eminent domain statutes provide a complete and exclusive procedure to govern all condemnations for public purposes in the territory. *See* 28 V.I.C. §§ 411-422. These statutory procedures protect the rights of property owners and guarantee the constitutional safeguards to which owners are entitled. They provide the opportunity for the Callwoods to voice their core objection – that this taking is not, in fact, for public use.
>
> Such proceedings are ordinarily a function of the Virgin Islands Superior Court. Indeed, the Superior Court's exercise of this function is, in the first instance, exclusive. *See Brown v. Francis*, 75 F.3d 860 (3d Cir. 1996)(holding that the District Court erred when it asserted jurisdiction over an eminent domain case removed from the Territorial Court).

ECF No. 24 at 2 (quoting *Callwood v. Gov't of the Virgin Islands*, Civ. No. 7-cv-104, slip op. at 4-5 (D.V.I. Feb. 4, 2011)). In light of that holding, the Court ordered the Callwoods to show cause why this matter should not be dismissed for want of subject matter jurisdiction. *See id.*

On February 15, 2017, the Callwoods filed a brief (the "brief"). With respect to jurisdiction, the brief includes a few broad statements about Article III of the United States Constitution. *See* ECF No. 25 at 4.

*Callwood v. Island Roads Corp.*
Civil No. 2014-09
Order
Page 3

    Another portion of the brief provides the Court with additional information about the nature of the Callwoods' claims. The brief states:

> This Virgin Islands Government own roadway in Exhibit Photograph # 10C is presently dilapidated and in disrepair because of neglect, and is currently prohibited from being used. This Government roadway is bordering, touching and at the edge of Albert and Maria Callwood private real estate properties. Instead of the Virgin Islands Government fixing, repairing and putting back into usable condition their own roadway, the Virgin Islands Government WITHOUT PROBABLE CAUSE UNREASONABLE SEIZED Albert and Maria Calwood valuable real estate properties and constructed (against our opposition and objections) an unconstitutional, unlawful and illegal dangerous passageway – roadway on Albert and Maria Callwood valuable private real estate properties.

ECF No. 25 at 3 (capitalization in original).

    Having examined both the Complaint and the brief, it is clear to the Court that the Callwoods' claims arise from having suffered from a governmental construction project on their property that they allege has effected a taking of their property. As the Court has explained, it does not have jurisdiction to hear such matters. *See Callwood*, Civ. No. 7-cv-104, slip op. at 4-5 (D.V.I. Feb. 4, 2011). Accordingly, the Callwoods' Complaint in this matter will be dismissed for want of jurisdiction.

*Callwood v. Island Roads Corp.*
Civil No. 2014-09
Order
Page 4

  An appropriate judgment follows.

             S_____
              **Curtis V. Gómez**
              **District Judge**